**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30193 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00112-SPW |
| v. | |
| ALLEN EARL WITHERALL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Allen Earl Witherall appeals from the district court's judgment and challenges his jury-trial conviction and 36-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Witherall's request for oral argument is, therefore, denied.

Witherall first contends that the evidence presented at trial was insufficient to support his conviction. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Witherall knowingly possessed a firearm. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc). Officer Nienhuis's testimony, particularly when taken together with the WatchGuard video and the testimony of Mitch Hoff, was enough for a rational juror to infer that Witherall picked a pistol up off the ground and ran with it for a short distance, and that he knew it was a gun when he picked it up.

Witherall next argues that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The above-Guidelines, 36-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the dangerous nature of the offense conduct, Witherall's criminal history and repeated failure to comply with the terms of supervised release, and the need to protect the public. *See Gall v. United States*, 552 U.S. 38, 59-60 (2007).

**AFFIRMED.**

17-30193